### Ferdinand C. Niemeyer, Defendant in Error, v. Gust Berg and Joseph Brabec, Plaintiffs in Error.

### Gen. No. 19,185.  (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. Joseph S. LaBuy, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed and remanded. Opinion filed April 23, 1914.

### Statement of the Case.

Action in tort by Ferdinand C. Niemeyer against Gust Berg and Joseph Brabec in the Municipal Court of Chicago. Plaintiff's statement of claim alleged that the defendants pretended to assign to plaintiff a certain lease then existing between the defendants as lessor and lessee of certain premises; that the lessor, Berg, represented that it would be necessary for plain-

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

tiff to deposit one hundred and fifty dollars as security for the payment of the last two months' rent under said lease before he would accept plaintiff as assignee, knowing at the time that the defendant Brabec had previously assigned said lease to another party, and that by reason of the false and fraudulent representations plaintiff paid Brabec and that said lease had never been assigned to plaintiff. The court found "the defendant guilty in the manner and form as charged in the plaintiff's statement of claim" and assessed plaintiff's damages "at the sum of one hundred and fifty dollars in tort," and the court adjudged that plaintiff have judgment on the finding, it not appearing that at any time the cause was dismissed as to either one of the defendants. To reverse the judgment, defendants bring error.

WINSTON, PAYNE, STRAWN & SHAW, for plaintiffs in error; JOHN C. SLADE, of counsel.

WILLIAM REEDA, for defendant in error; PARK PHIPPS, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

### Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 13a*—*when proof limited to claim as made.* In an action of the fourth class in the Municipal court a party is limited in his evidence to his claim as made, or as amended.

2. FRAUD, § 115*—*when judgment for plaintiff not sustained by proof of fraudulent representations.* In an action of the fourth class in the Municipal Court, where the gist of plaintiff's claim was that because of false and fraudulent representations plaintiff was induced to part with a certain sum for which he never received any consideration, by reason of which he was damaged, *held* that a judgment for plaintiff could not be sustained for the reason that there was no sufficient proof of the alleged false and fraudulent representations.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

3. Judgment, § 187*—*when judgment against "the defendant" in action against two defendants cannot be sustained.* In an action of tort against two defendants, tried by the court without a jury, where the finding of the court as recorded is against "the defendant," without naming him, a judgment on such finding cannot be sustained, since it is uncertain which one of the defendants was found guilty and against which one the judgment was rendered.